IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Blondell McMichael, ) | C/A No. 5:14-02634-JMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Mark P. Fallaw, Robert M. Herlong, Kenneth ) | |
| L. Bird, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Blondell McMichael filed this action alleging a violation of her constitutional rights by the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendants' motion to dismiss. (ECF No. 9.) McMichael filed a response in opposition. (ECF No. 14.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted with regard to McMichael's claim of false arrest.

## BACKGROUND

McMichael alleges that on September 8, 2006, she was arrested for assault and battery with intent to kill, armed robbery with a deadly weapon, and possession of a knife during the commission of a violent crime. (ECF No. 1 at 2.) McMichael was detained for approximately six months subsequent to her arrest. (Id.) McMichael alleges that the defendants knew or should have known of the alleged victim's compromised credibility due to the victim's past and current drug use and his speculation regarding the alleged robbery. (Id.) Therefore, McMichael asserts that the defendants knew or should have known that McMichael's arrest and detention were illegal. (Id.) McMichael

also alleges that the prosecutors later dismissed the charges for assault and battery with intent to kill and armed robbery with a deadly weapon on June 28, 2011. (Id.) McMichael seeks monetary damages.

## DISCUSSION

### A.     Applicable Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

An assertion that a claim is barred by the applicable statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), and a motion to dismiss "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Courts have also observed that because equitable tolling may depend on matters outside the pleadings, "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006) (citing Supermail Cargo, Inc. v.



United States, 68 F.3d 1204, 1206 (9th Cir. 1995)). However, an affirmative defense may be reached under a Rule 12(b)(6) motion to dismiss in rare instances where the complaint alleges facts sufficient to rule on an affirmative defense. Id. This principle is applicable only if all the facts necessary to the affirmative defense " 'clearly appear[ ] *on the face of the complaint*.' " Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993) (emphasis in original)).

**B.     False Arrest**

McMichael's complaint raises claims pursuant to 42 U.S.C. § 1983. The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5). Further, the statute of limitations for an arrestee's § 1983 false arrest claim begins at the time of arrest. Wallace v. Kato, 549 U.S. 384, 391-92 (2007) ("[T]he statute of limitations on [arrestee's] § 1983 claim [begins] to run when he [appears] before the examining magistrate and [is] bound over for trial."). McMichael alleges that she was falsely arrested on September 8, 2006. (ECF No. 1 at 2.) However, McMichael filed the instant suit on June 27, 2014—well beyond the applicable three-year statute of limitations. (ECF No. 1 at 4.) McMichael has raised no argument that the statute should be equitably tolled. Therefore, as it pertains to McMichael's false arrest claim, the court recommends that the defendants' motion to dismiss be granted.

**C.     Malicious Prosecution**

In response to the defendant's motion to dismiss, McMichael contends that her action is "analogous to a malicious prosecution" action (ECF No. 14 at 1) and that her cause of action did not accrue until her charges were dismissed on June 28, 2011. McMichael argues that the defendants knew or should have known of the alleged robbery victim's compromised credibility because of his



history of drug use and his speculation regarding the alleged robbery. (ECF No. 1 at 2.) McMichael further argues that the defendants violated their duty to thoroughly investigate the matter beyond the initial determination of probable cause, which resulted in McMichael's extended detention. (Id.) The plaintiff asserts that it is this alleged wrongful use of the legal process that forms the basis of McMichael's purported malicious prosecution claim. However, the defendants have not construed the complaint to assert a malicious prosecution claim and have not addressed such a claim in their motion. Therefore, the court grants the defendants twenty-one days from the date of this Report and Recommendation to answer or otherwise file an appropriate motion, in accordance with Rule 12 of the Federal Rules of Civil Procedure, addressing this alleged claim.

## RECOMMENDATION

Accordingly, the court recommends that, as it pertains to McMichael's false arrest claim, the defendants' motion to dismiss be granted. The court further grants the defendants twenty-one days to file an appropriate document addressing McMichael's purported malicious prosecution claim.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 24, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).